AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241
(Rev. 06/13)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District Ohio |
|---|---|

| Name (under which you were convicted): Michael A. Sutton | Docket or Case No.: |
|---|---|

| Place of Confinement : Mansfield Correctional Institution | Prisoner No.: A-531-618 |
|---|---|

| Petitioner (include the name under which you were convicted) Michael A. Sutton | Respondent (authorized person having custody of petitioner) v. Al Lazaroff |
|---|---|

| The Attorney General of the State of Ohio |
|---|

## PETITION

1.     (a) Name and location of court that entered the judgment of conviction you are challenging:

Cuyahoga County Common Pleas Court

(b) Criminal docket or case number (if you know): CR-481840-D

2.     (a) Date of the judgment of conviction (if you know): July 8, 2007

(b) Date of sentencing: July 6, 2011

3.     Length of sentence: 41 years

4.     In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes      ☐ No

5.     Identify all crimes of which you were convicted and sentenced in this case:

4 counts attempted murder

6 counts felonious assault

2 counts attempted felonious assault

1 count failure to comply with order of police

1 count inducing panic

6.     (a) What was your plea? (Check one)

         ☒ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

         ☐ (2)    Guilty            ☐ (4)    Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury      ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes      ☐ No

9.  A    If you did appeal, answer the following:

(a) Name of court: Court Of Appeals Of Ohio – Eighth District

(b) Docket or case number (if you know): CA-90172

(c) Result: Reversed and in part remanded for resentence.

(d) Date of result (if you know): July 24, 2008

(e) Citation to the case (if you know): State v. Sutton, 2008-Ohio-3677

(f) Grounds raised: See supplemental page 9 A.

(g) Did you seek further review by a higher state court?      ☒ Yes      ☐ No

If yes, answer the following:

(1) Name of court: Ohio Supreme Court

(2) Docket or case number (if you know): 2008-1996

(3) Result: Remanded to lower court for further consideration.

(4) Date of result (if you know): February 22, 2011

SUPPLEMENTAL PAGE

9. A

   (f) Grounds Raised:

{¶10}"Defendant was denied due process of law when the court permitted an amendment to the indictment changing the date of the offense without resubmission to the grand jury."

{¶11}"Defendant was denied his Sixth Amendment right to present a defense when the court would not secure the appearance of a defense witness, Willie Wayne Moore."

{¶12}"Defendant was denied the right to present a defense when the court would not allow previous recorded statements from Willie Wayne Moore."

{¶13}"Defendant was denied due process of law when the court allowed evidence of gunshot residue."

{¶14}"Defendant was denied due process of law when the court instructed on aiding and abetting."

{¶15}"Defendant was denied due process of law when the court overruled defendant's motions for judgment of acquittal."

{¶16}"Defendant was denied due process of law when he was sentenced to a felony sentence for inducing panic."

{¶17}"Defendant was denied due process of law when the court sentenced defendant for failure to comply as a felony of the third degree."

{¶18}"Defendant was denied due process of law and subjected to a cruel and unusual punishment when the court sentenced defendant to consecutive sentences which amounted to forty-six and one-half (46 ½) years."

{¶19}"Defendant was denied due process of law when the court did not merge and separately sentenced defendant on all counts of the indictment."

{¶20}"Defendant was denied due process of law when he was sentenced for attempted murder rather than felonious assault and for felonious assault rather than attempted felonious assault."

{¶20}"Defendant was denied effective assistance of counsel."

SUPPLEMENTAL PAGE

9. B     If you did appeal, answer the following:

(a) Name of Court: Court Of Appeals Of Ohio - Eighth District

(b) Docket or case number (if you know): CA-90172

(c) Results: Reversed and remanded.

(d) Date of result (if you know): May 12, 2011

(e) Citation to the case (if you know: State v. Sutton 2011-Ohio-2249

(f) Grounds Raised:

The trial court erred in failing to merge felonious assault and attempted murder convictions.

SUPPLEMENTAL PAGE

9.  C    If you did appeal, answer the following:

(a) Name of Court: Court Of Appeals Of Ohio - Eighth District

(b) Docket or case number (if you know): CA-97132

(c) Results: Affirmed

(d) Date of result (if you know): March 15, 2012

(e) Citation to the case (if you know: State v. Sutton 2012-Ohio-1054

(f) Grounds Raised:

1.  Whether defendant was denied his rights under the Sixth Amendment when the court imposed consecutive sentences based on judicial fact finding.

2.  Whether defendant was denied due process of law when the court imposed consecutive sentences without an adequate or constitutional explanation of its reasons.

3.  Whether defendant was denied due process of law when the court failed to impose a proportionate sentence similar to that imposed by similar offenders by the same court.

4.  Whether defendant was denied due process of law when the court failed to consider the present circumstances of defendant at the time of the re-sentencing.

5.  Whether defendant was denied due process of law when the court imposed a maximum sentence for failure to comply without considering the proper statutory criteria.

6. Whether defendant was denied due process of law when the court would not waive court costs.

## SUPPLEMENTAL PAGE

9. G    If you did appeal, answer the following:

(a) Name of Court: Ohio Supreme Court

(b) Docket or case number (if you know): 2012-1081

(c) Results: Leave To Appeal Denied. Appeal Dismissed

(d) Date of result (if you know): September 26, 2012

(e) Citation to the case (if you know:

(f) Grounds Raised: See supplemental page 9 A.

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

Page 6

AO 241
(Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ❏ Yes    ❏ No

(2) Second petition:    ❏ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was denied due process of law when the indictment was amended without resubmission to the grand jury.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The original indictment alleged that the offenses occurred on May 26, 2006. Prior to jury selection, the State moved, over defense objection, to amend the indictment to indicate the offenses occurred on May 29, 2006.


(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner was denied his Sixth Amendment Right to present a defense when the Trial Court would not secure the appearance of a defense witness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel's request that the Trial Court issue an arrest warrant for a material witness was unfairly denied.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?           ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?      ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Petitioner was denied due process of law when the Trial Court
              improperly allowed evidence of gunshot residue.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State offered the testimony of an unqualified expert in the area of gunshot
residue, even though he did not follow a scientific regimen which provided
reliable results.

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes          ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Petitioner was denied due process of law when the Trial Court improperly instructed on aiding and abetting.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Trial Court's instruction mislead the jury into thinking that Petitioner could aid and abet another aider and abettor, without there being a principal offender in the case.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND FIVE: Petitioner was denied due process of law when the Trial Court overruled his Motions For Judgement Of Acquittal.


(a) Supporting facts:

There was no evidence to show that Petitioner was personally responsible for injuries to the victims. There was no evidence that Petitioner did anything to encourage, participate in, promote or plan these events. There was insufficient evidence to justify a guilty verdict on inducing panic. There was insufficient evidence of accident or serious physical harm to persons/property caused by the operation of a vehicle to support a guilty verdict on failure to comply.


* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND SIX: Petitioner was denied due process of law when he was sentenced for failure to comply as a felony of the third degree, despite being convicted of a fourth degree felony for the same conduct.

(a) Supporting facts:

The jury found that:

1) Defendant did flee immediately after the commission of a felony; and/or 2) Defendant caused a substantial risk of serious physical harm to persons or property.

The jury finding indicated that Petitioner was convicted of both felonies of the fourth and third degree. The finding should be strictly construed against the State, and the finding on the fourth degree felony should apply.


* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND SEVEN: Petitioner was denied due process of law and subjected to cruel and unusual punishment when he was sentenced to maximum, consecutive prison terms.

(a) Supporting facts:

Petitioner was an 18 year old first-time offender who was found to have committed one single act: shooting into a moving automobile injuring two persons. The sentence was grossly disproportionate to the severity of his offenses.

* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND EIGHT: Petitioner was denied due process of law when the Trial Court failed to merge all counts of the indictment and sentenced separately.

(a) Supporting facts:

Petitioner shot and hit 2 victims. Petitioner also shot and missed 2 victims. There was one single act - shooting at the moving auto. The felonious assault charges are subsumed in the attempted murder charges.

* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND NINE: Petitioner was denied effective assistance of counsel.

(a) Supporting facts:

Trial counsel failed to: 1) properly investigate the case and prepare witnesses for trial; 2) object to improper jury instructions; 3) object to sentencing issues.

* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND TEN: Petitioner was denied due process of law when the court imposed consecutive sentences without adequate or constitutional explanation for its reasons.

(a) Supporting facts:

The court gave no valid reasons to support the consecutive sentences.


* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND ELEVEN: Petitioner was denied due process of law when the court imposed a sentence that was disproportionate to that of similarly situated offenders .

(a) Supporting facts:

Petitioner was sentenced to 41 years prison. However, the Trial Court failed to consider or distinguish a factually similar case, State v. Bell, CA-85912, where that offender received a sentence of 11years prison.

* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

GROUND TWELVE: Petitioner was denied due process of law when the court imposed the maximum sentence for failure to comply, without considering the proper statutory criteria.

(a) Supporting facts:

The Trial Court simply reimposed the original maximum five year sentence without any consideration of the statutory sentencing criteria

* This issue was raised on direct appeal.

* This issue was not raised in any post conviction motion or petition.

AO 241
(Rev. 06/13)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes   ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Ohio Supreme Court dismissed Appeal in case no. 2012-1081 on September 26, 2012. However, a copy of the entry was <u>not</u> journalized by Cuyahoga County clerk until October 22, 2012.

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

Page 16

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Remand the case to the State Trial Court for a new trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)
GREGORY SCOTT ROBEY, #0055746
14402 Granger Road
Cleveland, Ohio 44137
(216)581-8200 – Robeylaw@aol.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   10/15/13   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.