UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. SUTTON, | ) | CASE NO. 1:13CV2304 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| ALAN J. LAZAROFF, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

Petitioner, Michael Sutton ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1[1]. Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas convictions for four counts of attempted murder in violation of Ohio Revised Code ("R.C.") §§ 2923.02 and 2903.02, felonies of the first degree; two counts of inducing panic in violation of R.C. § 2917.31, misdemeanors of the first degree; and one count of failure to comply with the order or signal of a police officer in violation of R.C. § 2921.331, a misdemeanor of the first degree. *Id.* at 4.

On January 31, 2014, Respondent, Alan J. Lazaroff, Warden of Mansfield Correctional Institution, in Mansfield, Ohio, filed a Return of Writ. ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

I. **SYNOPSIS OF THE FACTS**

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> [O]n May 29, 2006, appellant, Kenny Phillips, Deante Creel, and Akeem Tidmore were riding together in a tan colored Chevrolet Caprice in the area of East 55th Street and Woodland Avenue in Cleveland, Ohio. Multiple shots were fired at a 1996 Lincoln Mark VIII from the Chevrolet Caprice. There were four individuals inside the Lincoln. On the right side of the victims' automobile, Kevin Tolbert was sitting in the front passenger seat, and Len Brown was sitting directly behind him in the rear of the car. On the left side, Ken Tolbert was driving, and Chris Lovelady was seated directly behind the driver.

> The Chevrolet pulled up on the left side of the victims' car, and rounds were fired into the driver's side of the Lincoln. The driver, Ken Tolbert, and passenger, Chris Lovelady, were both shot. The two victims went to the hospital where doctors determined that a bullet was lodged in Ken Tolbert's head. The bullet was successfully removed, but as a result of his injuries, Ken Tolbert lost most of the hearing in his left ear and sustained nerve damage and facial paralysis, preventing him from being able to fully smile or close his left eye. He also suffered from migraine headaches and a misaligned jaw. Chris Lovelady was struck in the left side of his head with a bullet that entered his cheek near his temple. Chris immediately lost all of his vision. He eventually regained sight in his right eye, but is still blind in his left eye.

> The police were in the immediate vicinity when the incident occurred and, therefore, responded without hesitation to the shooting. Officer Michael Keane, a ten-year veteran, testified that he was in his assigned zone car with his partner, Daniel Lentz, patrolling this area in the city's third district. Officer Keane testified that the area of East 55th and Woodard is considered a problem area. Specifically, Keane testified that on weekend nights, 18 to 25 year-olds gather from 3:00 to 5:00 a.m. after the nightclubs close. The police are always a presence in that are due to the large crowds, traffic problems, robberies, shootings, and drug complaints.

> On the night of May 28, 2006, and into the early morning of May 29, Keane was in his assigned zone car with Lentz. He was not assigned to the Woodard area where Officers Lundy and Jones were, but Keane was called there because of the exceptionally large crowd that night. As he drove on East 55th Street toward Woodard Avenue, Keane observed a tan, older-model Chevrolet with the number "84" on it make a reckless U-turn, causing several other cars to swerve and stop. Keane started to weave through traffic to catch up to the Chevrolet in order to issue a ticket. Keane saw the vehicle turn right and head east on Woodland Avenue from a middle lane.

> As Keane approached and made the same right turn onto Woodland Avenue, he heard a gunshot. Keane saw the vehicle he had been pursuing alongside another car, heard more gunshots, and simultaneously saw the muzzle flashes coming from the passenger's side of the vehicle he was pursuing. Keane testified that the left side of the Lincoln was closest to the Chevrolet. Keane identified photographs of the vehicle he pursued and from which he saw muzzle flashes as being the tan colored Chevrolet Caprice with the number "84" on the side. The Chevrolet occupants, appellant, Creel, and Phillips were immediately pursued, caught, and arrested. Tidmore was

-2-

arrested shortly thereafter.

ECF Dkt. #6-1 at 69-71.

## II.  PROCEDURAL HISTORY

### A.  State Trial Court

During the May 2006 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner on: four counts of attempted murder in violation of R.C. §§ 2923.02 and 2903.02, with one-, three-, and five-year firearm specifications under R.C. §§ 2941.141, 2941.145, and 2941.146, respectively; six counts of felonious assault in violation of R.C. § 2903.11, with one-, three-, and five-year firearm specifications under R.C. §§ 2941.141, 2941.145, and 2941.146, respectively; two counts of attempted felonious assault in violation of R.C. §§ 2923.02 and 2903.11, with one-, three-, and five-year firearm specifications under R.C. §§ 2941.141, 2941.145, and 2941.146, respectively; two counts of inducing panic in violation of R.C. § 2917.31; one count of failure to comply with the order or signal of a police officer in violation of R.C. § 2921.331; and one count of resisting arrest in violation of R.C. § 2921.33.  ECF Dkt. #6-1 at 6-23.

On June 28, 2007, a jury found petitioner not guilty on the resisting arrest count and all firearm specifications.  ECF Dkt. #6-1 at 4.  Petitioner was found guilty on all remaining counts and sentenced to the maximum, consecutive sentence, totaling forty-six and one-half years, plus a five-year period of post-release control.

### B.  Direct Appeal to State Intermediate Court

On July 23, 2007, Petitioner, through counsel, filed a notice of appeal and asserted the following assignments of error:

> Assignment of Error No. I
>
> Defendant was denied due process of law when the court permitted an amendment of the indictment changing the date of the offense without resubmission to the grand jury.
>
> Assignment of Error No. II
>
> Defendant was denied his Sixth Amendment right to present a defense when the court would not secure the appearance of a defense witness.

-3-

### Assignment of Error No. III

Defendant was denied the right to present a defense when the court would not allow previous recorded statements from Willie Wayne Moore.

### Assignment of Error No. IV

Defendant was denied due process of law when the court allowed evidence of gunshot residue.

### Assignment of Error No. V

Defendant was denied due process of law when the court instructed on aiding and abetting.

### Assignment of Error No. VI

Defendant was denied due process of law when the court overruled defendant's motions for judgment of acquittal.

### Assignment of Error No. VII

Defendant was denied due process of law when he was sentenced to a felony sentence for inducing panic.

### Assignment of Error No. VIII

Defendant was denied due process of law when the court sentenced defendant for failure to comply as a felony of the third degree.

### Assignment of Error No. IX

Defendant was denied due process of law and subject to cruel and unusual punishment when the court sentenced defendant to consecutive sentences, which amounted to forty-six and one half [sic] years.

### Assignment of Error No. X

Defendant was denied due process of law when the court did not merge and separately sentence [sic] defendant on all counts of the indictment.

### Assignment of Error No. XI

Defendant was denied due process of law when he was sentenced for attempted murder rather than felonious assault and for felonious assault rather than attempted felonious assault.

### Assignment of Error No. XII

Defendant was denied effective assistance of counsel.

ECF Dkt.#6-1 at 30.

-4-

On July 24, 2008, the Eighth District Court of Appeals overruled Assignments of Error Numbers 1-6, 8, and 12. ECF Dkt. #6-1 at 75-85, 88-89, 99-102. Assignments of Error Numbers 7, and 9-11 were sustained. *Id.* at 85-99. Accordingly, the case was remanded to the trial court for resentencing. *Id.* at 75-102.

**C**. **Appeal to the Supreme Court of Ohio**

On October 14, 2008, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #6-1 at 104. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

PROPOSITION OF LAW NO. I

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT PERMITS AN AMENDMENT TO THE INDICTMENT WHICH CHANGES THE DATE OF THE OFFENSE WITHOUT RESUBMISSION TO THE GRAND JURY.

PROPOSITION OF LAW NO. II

A DEFENDANT HAS BEEN DENIED HIS SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE WHEN THE COURT REFUSED TO SECURE THE APPEARANCE OF A DEFENSE WITNESS.

PROPOSITION OF LAW NO. III

A DEFENDANT HAS BEEN DENIED HIS SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE WHEN THE COURT REFUSES TO ALLOW A PREVIOUS RECORDED INTERVIEW FROM AN EXONERATING WITNESS.

PROPOSITION OF LAW NO. IV

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWS EVIDENCE OF GUNSHOT RESIDUE WHICH FAILS TO QUALIFY AS EXPERT TESTIMONY.

PROPOSITION OF LAW NO. V

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT INSTRUCTS ON AIDING AND ABETTING IN A MANNER WHICH IS CONFUSING AND OMITS ALL ESSENTIAL ELEMENTS OF AIDING AND ABETTING.

PROPOSITION OF LAW NO. VI

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT OVERRULES A MOTION FOR JUDGMENT OF ACQUITTAL

WHERE THERE IS INSUFFICIENT EVIDENCE TO PERMIT A RATIONAL FACTFINDER TO RETURN A VERDICT OF GUILTY.

PROPOSITION OF LAW NO. VII

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED AND SENTENCED FOR A FELONY OF INDUCING PANIC WHERE THE JURY'S VERDICT DID NOT FIND THE PROPER ENHANCEMENT.

PROPOSITION OF LAW NO. VIII

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE DEFENDANT HAS BEEN SENTENCED FOR A CONVICTION OF FAILURE TO COMPLY AS A FELONY OF THE THIRD DEGREE.

PROPOSITION OF LAW NO. IX

A DEFENDANT HAS BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE, THROUGH ERRORS AND OMISSIONS HE HAS BEEN PREJUDICED.

*Id.* at 115-123.

On October 17, 2008, the State of Ohio filed a memorandum in response and a notice of cross-appeal. ECF Dkt. #6-1 at 162-216. On February 18, 2011, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question and accepted the State's cross-appeal. *Id.* at 217. On February 22, 2011, the Supreme Court of Ohio remanded the case to the Eighth District Court of Appeals for further consideration in view of the Supreme Court of Ohio's decision in *State v. Johnson*, 128 Ohio St.3d 153 (2014). *Id.* at 218.

Analyzing the facts of the case under *Johnson*, the Eighth District Court of Appeals held that the felonious assault convictions merged into the attempted murder convictions and remanded the case to the trial court for resentencing in accordance with the ruling. ECF Dkt. #6-1 at 224. The trial

court resentenced Petitioner to forty-one and one-half years. *Id.* at 235-36. On August 8, 2011, Petitioner filed a notice of appeal in the Eighth District Court of Appeals regarding the trial court's judgment, final order, and sentence. *Id.* at 226.

**D**.     **Appeal of Resentencing to State Intermediate Court**

In Petitioner's memorandum in support of his appeal to the Eighth District Court of Appeals, filed on September 23, 2011, Petitioner presented the following six assignments of

error for review:

> 1. Defendant was denied his rights under the Sixth Amendment when the court imposed consecutive sentences based on judicial factfinding.
>
> 2. Defendant was denied due process of law when the court imposed consecutive sentences without an adequate or constitutional explanation of its reasons.
>
> 3. Defendant was denied due process of law when the court failed to impose a proportionate sentence similar to that imposed by [sic] similar offenders by the same court.
>
> 4. Defendant was denied due process of law when the court failed to consider the present circumstances of defendant at the time of resentencing.
>
> 5. Defendant was denied due process of law when the court imposed a maximum sentence for failure to comply without considering the proper statutory criteria.
>
> 6. Defendant was denied due process of law when the court would not waive court costs.

ECF Dkt. #6-1 at 231, 237-251. On March 15, 2012, the Eighth District Court of Appeals overruled all six of Petitioner's assignments of error and affirmed the decision of the trial court. *Id.* at 258-268.

Petitioner filed a motion for reconsideration in the Eighth District Court of Appeals on March 26, 2012. ECF Dkt. #6-1 at 270. On May 16, 2012, Petitioner's motion for reconsideration was denied. *Id.* at 279.

On June 25, 2012, Petitioner filed a notice of appeal in the Supreme Court of Ohio. ECF Dkt. #6-1 at 278.

### E. **Appeal of Resentencing to the Supreme Court of Ohio**

In Petitioner's memorandum in support of his appeal to the Supreme Court of Ohio, filed on June 25, 2012, Petitioner presented the following six propositions of law:

> PROPOSITION OF LAW NO. I
>
> A DEFENDANT HAS BEEN DENIED HIS RIGHTS UNDER THE SIXTH AMENDMENT WHEN A COURT IMPOSES CONSECUTIVE SENTENCES BASED ON JUDICIAL FACTFINDING.
>
> PROPOSITION OF LAW NO. II
>
> A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT IMPOSES CONSECUTIVE SENTENCES WITHOUT AN

-7-

ADEQUATE OR CONSTITUTIONAL EXPLANATION OUTLINING
ITS REASONS.

PROPOSITION OF LAW NO. III

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN
THE COURT FAILS TO IMPOSE A PROPORTIONATE SENTENCE
SIMILAR TO THAT IMPOSED ON A SIMILAR OFFENDER BY THE
SAME COURT.

PROPOSITION OF LAW NO. IV

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN
A COURT FAILS TO CONSIDER THE PRESENT CIRCUMSTANCE OF
DEFENDANT AT THE TIME OF HIS RESENTENCING.

PROPOSITION OF LAW NO. V

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN
A COURT IMPOSES A MAXIMUM SENTENCE FOR FAILURE TO
COMPLY WITHOUT CONSIDERING THE STATUTORY CRITERIA.

PROPOSITION OF LAW NO. VI

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN
THE COURT FAILS TO WAIVE COURT COSTS ON AN INDIGENT
DEFENDANT.

ECF Dkt. #6-1 at 281, 290-297. The State of Ohio filed a waiver of memorandum in response on

June 26, 2012. *Id*. #6-1 at 316. On September 26, 2012, the Supreme Court of Ohio declined

jurisdiction and dismissed Petitioner's appeal as not involving any  substantial constitutional

question. *Id.* at 317.

## III.   28 U.S.C. § 2254 PETITION

On October 17, 2013, Petitioner filed the instant petition for a writ of federal habeas corpus.

ECF Dkt. #1. In the petition, Petitioner raises the following grounds for relief:

GROUND ONE: Petitioner was denied due process of law when the indictment was
amended without resubmission to the grand jury.

SUPPORTING FACTS: The original indictment alleged that the offenses occurred
on May 26, 2006. Prior to jury selection, the State moved, over defense objection,
to amend the indictment to indicate the offenses occurred on May 29, 2006.

GROUND TWO: Petitioner was denied his Sixth Amendment Right [sic] to present
a defense when the Trial Court would not secure the appearance of a defense
witness.

-8-

SUPPORTING FACTS: Defense counsel's request that the Trial Court issue an arrest warrant for a material witness was unfairly denied.

GROUND THREE: Petitioner was denied due process of law when the Trial Court improperly allowed evidence of gunshot residue.

SUPPORTING FACTS: The State offered the testimony of an unqualified expert in the area of gunshot residue, even though he did not follow a scientific regimen which provided reliable results.

GROUND FOUR: Petitioner was denied due process of law when the Trial Court improperly instructed on aiding and abetting.

SUPPORTING FACTS: The Trial Court's instruction mislead [sic] the jury into thinking that Petitioner could aid and abet another aider and abettor, without there being a principal offender in the case.

GROUND FIVE: Petitioner was denied due process of law when the Trial Court overruled his Motions For Judgement [sic] Of Acquittal.

SUPPORTING FACTS: There was not evidence that Petitioner was personally responsible for injuries to the victims. There was no evidence that Petitioner did anything to encourage, participate in, promote or plan these events. There was insufficient evidence to justify a guilty verdict on inducing panic. There was insufficient evidence of accident or serious physical harm to persons/property caused by the operation of a vehicle to support a guilty verdict on failure to comply.

GROUND SIX: Petitioner was denied due process of law when he was sentenced for failure to comply as a felony of the third degree, despite being convicted of a fourth degree felony for the same conduct.

SUPPORTING FACTS: The jury found that 1) defendant did flee immediately after the commission of a felony; and/or 2) Defendant caused a substantial risk of harm to persons or property. The jury finding indicated that Petitioner was convicted of both felonies of the fourth and third degree. The finding should be strictly construed against the State, and the finding on the fourth degree felony should apply.

GROUND SEVEN: Petitioner was denied due process of law and subjected to cruel and unusual punishment when he was sentenced to maximum, consecutive prison terms.

SUPPORTING FACTS: Petitioner was an 18 year old first-time offender who was found to have committed one single act: shooting into a moving automobile injuring two persons. The sentence was grossly disproportionate to the severity of his offense.

GROUND EIGHT: Petitioner was denied due process of law when the Trial Court failed to merge all of the indictment and sentenced separately.

SUPPORTING FACTS: Petitioner shot and hit 2 victims. Petitioner also shot and missed 2 victims. There was one single act - shooting at the moving auto. The felonious assault charges are subsumed in the attempted murder charges.

GROUND NINE: Petitioner was denied effective assistance of counsel.

SUPPORTING FACTS: Trial counsel failed to: 1) properly investigate the case and prepare witnesses for trial; 2) object to improper jury instructions; 3) object to sentencing issues.

GROUND TEN: Petitioner was denied due process of law when the court imposed consecutive sentences without adequate or constitutional explanation for its reasons.

SUPPORTING FACTS: The court gave no valid reason to support the consecutive sentences.

GROUND ELEVEN: Petitioner was denied due process of law when the court imposed a sentence that was disproportionate to that of similarly situated offenders.

SUPPORTING FACTS: Petitioner was sentenced to 41 years prison [sic]. However, the Trial Court failed to consider or distinguish a factually similar case, State v. Bell, CA-85912, where that offender received a sentence of 11 years.

GROUND TWELVE: Petitioner was denied due process of law when the court imposed the maximum sentence for failure to comply, without considering the proper statutory sentencing criteria.

SUPPORTING FACTS: The Trial Court simply reimposed the original maximum five year sentence without any consideration of the statutory sentencing criteria [sic]

ECF Dkt. #1 at 10-24. On January 31, 2014, Respondent filed a Return of Writ. ECF Dkt. #6.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not currently at issue in this case.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of

peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir.

2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313-14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

The above standards apply to the Court's review of Petitioner's claims.

## **V**. **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:

-14-

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

-15-

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI.    ANALYSIS

### A.    PROCEDURAL DEFAULT AND NONCOGNIZABILITY - GROUNDS FOR RELIEF NUMBERS ONE, THREE, FOUR, SIX, AND EIGHT

#### 1.    Ground for Relief Number One

In Ground for Relief Number One, Petitioner asserts that he was denied due process of law when the indictment was amended without resubmission to a grand jury. ECF Dkt. #1 at 10. Petitioner states that the original indictment alleged that the various offenses occurred on May 26, 2006, and that the State, over defense objection, amended the indictment to indicate the offences occurred on May 29, 2006.

It is well established that the sufficiency of an indictment cannot be reviewed in federal habeas corpus proceedings. *Knewel v. Egan*, 268 U.S. 442, 446 (1925); *see also Burrows v. Engle*, 545 F.2d 552 (6th Cir. 1976); *Henderson v. Cardwell*, 426 F.2d 150 (6th Cir. 1970); *Love v. Perini*, 418 F.2d 905 (6th Cir. 1969); *Via v. Perini*, 415 F.2d 1052 (6th Cir. 1969); *Underwood v. Bomar*, 335 F.2d 783 (6th Cir. 1964); *Kimbro v. Bomar*, 333 F.2d 755 (6th Cir. 1964). The Sixth Circuit has held that beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review. *Roe v. Baker*, 315 F.3d 557 (6th Cir. 2002). "An indictment which fairly but imperfectly informs the accused for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d

-16-

636 (6th Cir. 1986); *Blake v. Thompson*, 434 U.S. 1038 (1978); *Blake v. Morford,* 563 F.2d 248, 250 (6th Cir. 1977); *Combs v. Tennessee*, 530 F.2d 695, 698-99 (6th Cir. 1976).

The Eighth District Court of Appeals found that the indictment was amended in accordance with Ohio Crim. R. 7, the amendment did not "affect an essential element of the crime charged, and Petitioner's rights were fully protected." ECF Dkt. #6-1 at 76. The state court's decision is not contrary to, or an unreasonable application of clearly established federal law. The amendment to the indictment changing the date of the alleged offenses did not prejudice Petitioner and did not diminish his ability to defend himself.

For the above reasons, the undersigned recommends that the Court find that Petitioner's claim that he was denied due process of law when the indictment was amended without resubmission to the grand jury is not cognizable in federal habeas review or is otherwise without merit.

## 2.     Ground for Relief Number Three

Respondent asserts that Petitioner has procedurally defaulted on Ground for Relief Number Three in which Petitioner claims that he was denied due process of law when the trial court improperly allowed evidence of gunshot residue by allowing the testimony of an unqualified expert. ECF Dkt. #6 at 16-17.

The assertion that Petitioner has procedurally defaulted on Ground for Relief Number Three must be viewed in light of the *Maupin* four-pronged analysis. Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford*, 498 U.S. at 423-24. Both the Eighth District Court of Appeals and Respondent point to *State v. Childs*, 14 Ohio St.2d 56 (1968), for the proper articulation of the rule. In *Childs*, the Supreme Court of Ohio stated, "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at the time when such error could have been avoided or corrected by the trial court." *Id.* at 61. Under the Ohio contemporaneous objection rule, an appellant who fails to object at the

-17-

time of trial waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 947 (6th Cir. 2004), *cert. denied*, 544 U.S. 1003 (2005) (citing *State v. Smith*, 89 Ohio St.3d 323, 332 (2000)). The Eighth District Court of Appeals indicates that defense counsel for Petitioner did not object to Martin Lewis' qualifications as an expert witness and failure to object at the time of trial waives all but plain error review. ECF Dkt. #6-1 at 78-79. Petitioner did not comply with the firmly established Ohio contemporaneous objection rule that applied to Petitioner's claim and thus the first prong of *Maupin* is satisfied.

Under second prong of *Maupin*, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject the prisoner's federal claims. *Coleman*, 510 U.S. at 729-30. The Eighth District Court of Appeals relied on the procedural rule, only reviewed Petitioner's assignment of error regarding the gunshot residue evidence under plain error review, and overruled the assignment of error. ECF Dkt. #6-1 at 78-80. The second prong of *Maupin* is satisfied.

The third prong of *Maupin* requires that a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson*, 384 F.3d at 313-14. The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Williams*, 380 F.3d at 968; *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Jalowiec v. Bradshow*, No. 1:03CV0645, 2008 WL 312655 *23 (N.D. Ohio Jan. 31, 2008); *Stojetz v. Ishee*, No. 2:04CV263, 2006 WL 328155 *12 (S.D. Ohio Feb. 10, 2006). The third prong of *Maupin* is satisfied.

Under the fourth and final prong of *Maupin*, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm from

-18-

the alleged constitutional violation. *Magby*, 741 F.2d at 244. "[T]he existence of cause for a procedural defect must ordinarily turn on whether the prisoner can show that some objective factor *external to the defense* impeded counsel's efforts to comply with the state's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) (emphasis added). Here, Petitioner has not alleged cause for the procedural default. If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith*, 477 U.S. at 527. Further, Petitioner has not made any attempt to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *See Dretke v. Haley,* 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 315 (1995). The Sixth Circuit explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams*, 380 F.3d at 973 (quoting *Murray*, 477 U.S. at 496). The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Here, Petitioner has produced no new evidence to overcome this burden and he makes no claims of actual innocence. Accordingly, all four prongs of *Maupin* have been satisfied.

In addition to the procedural default, Ground for Relief Number Three is not cognizable in federal habeas corpus review. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, at 67-68 (1991). When conducting habeas review, a federal court is limited to determining whether a conviction violated the Constitution, laws, or treatises of the United States. *Id.* at 68. Errors in applicable state law, especially regarding the admissibility of evidence, are usually not cognizable in federal habeas review. *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir. 1976); *Reese v. Cardwell*, 410 U.S. 1125 (6th Cir. 1969). State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless the ruling raises a federal constitutional question. *Bell*, 536 F.2d at 125-126 (holding that the admission of a dying declaration into evidence was a question of state law and thus was not

cognizable in a federal habeas corpus proceeding).  Errors of state law that result in a denial of fundamental fairness do support relief in habeas corpus.  *Walker*, 703 F.2d at 962; *Handley v. Pitts*, 491 F.Supp. 597, 599 (E.D. Tenn. 1978), *aff'd.*, 623 F.2d 23 (6th Cir. 1980); *Maglaya v. Buckhoe*, 515 F.2d 265 (6th Cir. 1975), *cert. denied*, 423 U.S. 931 (1975); *Gemel v. Buchkoe*, 358 F.2d 338 (6th Cir. 1966).

The Eighth District Court of Appeals examined the expert testimony in light of Ohio Evid. R. 702(C).  ECF Dkt. #6-1 at 79.  Petitioner claims that the expert witness was unqualified and unreliable.  ECF Dkt. #1 at 13.  In making these claims, Petitioner is alleging that the testimony given by the expert witness is in violation of the Ohio Rules of Evidence.  Ground for Relief Number Three alleges a violation of a state evidentiary rule, and is therefore not cognizable in habeas review. Petitioner does not argue that the admission of the gunshot residue resulted in a denial of fundamental fairness.  Additionally, the Eighth District Court of Appeals determined that the expert witness was qualified and that the methods used to test the gunshot residue were reliable.  ECF Dkt. #6-1 at 79-80.

The undersigned recommends that the Court find that Petitioner has procedurally defaulted Ground for Relief Number Three, and, alternatively, that Ground for Relief Number Three is not cognizable in federal habeas corpus review and is otherwise without merit.

**3.**      **Ground for Relief Number Four**

Petitioner claims that the jury instructions given by the trial court misled the jury into thinking that Petitioner "could aid and abet another aider and abetter, without there being a principal offender in the case."  ECF Dkt. #1 at 15.

Again, the Sixth Circuit's *Maupin* analysis is appropriate.  The first and second prongs of *Maupin* are satisfied for the above stated reasons because (1) Petitioner failed to object when the jury was instructed on aiding and abetting and (2) the Eighth District Court of Appeals invoked the Ohio contemporaneous objection rule (although the court still addressed the merits of Petitioner's claim assuming arguendo that Petitioner had properly objected to the jury instruction).  ECF Dkt. #6-1 at 81.  The third prong is satisfied since the Sixth Circuit has held

that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Williams*, 380 F.3d at 968; *Hinkle*, 271 F.3d at 244; *Jalowiec*, 2008 WL 312655 at *23; *Stojetz*, 2006 WL 328155 at *12. Petitioner has not alleged cause for the procedural default nor made any attempt to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. According, the *Maupin* four-prong analysis has been satisfied in regard to Petitioner's Ground for Relief Number Four.

In addition to the procedural default, Ground for Relief Number Four is not cognizable in federal habeas corpus review. Generally, alleged errors in jury instructions are considered matters of state law and are not cognizable in federal habeas review. *Engle v. Isaac*, 456 U.S. 107 (1982) (holding that since respondents simply challenged the correctness of jury instructions under Ohio law, they alleged no deprivation of federal rights and may not obtain habeas relief); *Turoso v. Cleveland Municipal Court*, 674 F.2d 486 (6th Cir. 1982), *cert. denied*, 459 U.S. 880 (1982); *Eberhardt v. Bodenkircher*, 605 F.2d 275 (6th Cir. 1979); *Weston v. Rose*, 527 F.2d 524 (6th Cir. 1975). The scope of federal review of a state jury instruction is "whether the ailing instruction... so infected the entire trial that the resulting conviction violated due process," not "merely whether the instruction is undesirable, erroneous, or even universally condemned." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973); *see Henderson v. Kibbe*, 431 U.S. 145 (1977). The Sixth Circuit has held that an asserted error relating to state jury instructions may be cognizable upon federal habeas corpus review only when the error resulted in a fundamental miscarriage of justice. *Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990). When reviewing an ambiguous instruction, the inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the constitution. *Estelle*, 502 U.S. at 72 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

Petitioner's allegation that the jury instruction read by the trial court was unfair is a matter of state law and is not cognizable in federal habeas review unless the instruction violated due process. Petitioner has failed to demonstrate how the jury instruction violated his right to due

process.  In Ground for Relief Number Four, Petitioner argues that the instruction misled the jury into thinking that he could aid and abet another aider and abetter.  The Eighth District Court of Appeals addressed this argument and determined that it is a long-standing legal principal in Ohio that in proving aiding and abetting the principal offender need not be specifically identified.  ECF Dkt. #6-1 at 81 (citing R.C. § 2923.03(C); *State v. Perryman*, 49 Ohio St.2d 14 (1970); *State v. Hill,* 70 Ohio St.3d 25 (1994)).  It is unlikely that issuing jury instructions that comply with a long-standing legal principal poses a risk that the jury will apply the instructions in a way that violates the United States Constitution.  The state court's decision is not contrary to, or an unreasonable application of clearly established federal law.  Additionally, Petitioner does not specifically allege any way in which the jury instruction violated his right to due process or caused a fundamental miscarriage of justice.

For the above reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Ground for Relief Number Four, and, alternatively, that Petitioner's claim is not cognizable in federal habeas corpus review and is otherwise without merit.

### 4. Ground for Relief Number Six

In Ground for Relief Number Six, Petitioner asserts that he was denied due process of law when he was sentenced for failure to comply as a felony of the third degree, despite being convicted of a fourth degree felony for the same conduct.  ECF Dkt. #1 at 18.  Respondent contends that Petitioner procedurally defaulted on Ground for Relief Number Six because Petitioner did not raise the claim in his appeal to the Eight District Court of Appeals in Petitioner's first or second appeal.  ECF Dkt. #6 at 17.

In Petitioner's first appeal to the Eighth District Court of Appeals he alleged, "Defendant was denied due process of law when the court sentenced defendant for failure to comply as a felony of the third degree."  ECF Dkt. #6-1 at 74.  In Petitioner's appeal to the Supreme Court of Ohio, he provides minor details surrounding the failure to comply charge, claims that since the jury instruction used "and/or" terminology (instructing that he could be convicted of a felony of the third degree and/or a felony of the fourth degree) lenity should apply, and cites one United

States Supreme Court case without providing details as to why the citation was included in his memorandum. *Id.* at 122-23.

Generally, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c) ; *see also Baldwin*, 541 U.S. at 29. Petitioner raised this claim in his appeal to the Eighth District Court of Appeals, alleging, "Defendant was denied due process of law when the court sentenced defendant for failure to comply as a felony of the third degree." ECF Dkt. #6-1 at 74, 88-89. The only difference in the phrasing of the claim in the Eighth District Court of Appeals and the Supreme Court of Ohio and the federal habeas petition is that in the latter Petitioner includes the fact that he was also convicted of a fourth degree felony. ECF Dkt. #1 at 18.

To properly exhaust a claim, a petitioner must fairly present the claim to the state courts. *Franklin*, 811 F.2d at 325. A petitioner has fairly presented the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale*, 375 F.3d at 437.

Petitioner has not fairly presented his federal constitutional claim to the state courts. In his Memorandum in Support of Jurisdiction of Appellant, Petitioner only cites to one case from the United States Supreme Court, and does not provide any relevant constitutional analysis through that case or otherwise. ECF Dkt. #6-1 at 122-23. No state court cases are cited regarding this claim in any appeal filed by Petitioner. Petitioner phrases his claim in terms of due process. However, general allegations of the denial of the right to a "fair trial" and "due process" do not fairly present claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681. Finally, Petitioner alleges no facts that are obviously within the mainstream of constitutional law, and instead points only to facts surrounding the elements of the offense and

the fact that he was charged with a felony of the third degree. Petitioner has failed to fairly present his claim to the state courts and therefore failed to exhaust his administrative remedies in relation to Ground for Relief Number Six.

Alternatively, Petitioners's Ground for Relief Number Six is not cognizable in federal habeas corpus review. Petitioner has failed to establish how he was denied due process, and this claim implicates a question of state law. R.C. § 2921.331(C)(5) outlines relevant factors for a court to consider in sentencing, however, according to the Eighth District Court of Appeals, the statute does not require the court to make any particular finding on the record. ECF Dkt. #6-1 at 89. Evidence at Petitioner's trial demonstrated that he drove his vehicle in a reckless manner, and willfully eluded police at great speed in close proximity to a densely crowded area. *Id.* at 88. The Eighth District Court of Appeals found that the jury was properly instructed, all twelve jurors signed the trial court's guilty verdict in the proper manner, and the "lower court simply sentenced [Petitioner] for the crimes that the jury found him guilty of..." *Id.* at 89. The Sixth Circuit has held that under the AEDPA, findings of fact of the state courts are presumed to be correct. *Bailey,* 271 F.3d at 655-56. This decision is not contrary to or an objectively unreasonable application of federal law. Likewise, this decision was not based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. Petitioner has not met the burden of rebutting the state court's presumption of correctness by clear and convincing evidence.

The undersigned recommends that the Court find that Petitioner has failed to exhaust all possible state remedies regarding Ground for Relief Number Six, and, alternatively, Ground for Relief Number Six is not cognizable in federal habeas corpus review.

### 5. Ground for Relief Number Eight

In Ground for Relief Number Eight, Petitioner asserts that he was denied due process of law when the trial court failed to merge all counts of the indictment and sentenced separately. ECF Dkt. #1 at 28.

Petitioner first raised Ground for Relief Number Eight in his first appeal to the Eighth District Court of Appeals. ECF Dkt. #6-1 at 74. The Eighth District Court of Appeals held that all of the felonious assault charges were allied offenses of similar import to the attempted murder charges, and remanded the case to the trial court for resentencing. *Id.* at 98-99, 102. Ground for Relief Number Eight was not mentioned again until Petitioner filed his petition for a writ of habeas corpus. ECF Dkt. #1 at 20.

Respondent contends that Petitioner procedurally defaulted Ground for Relief Number Eight because the claim was not raised before the Supreme Court of Ohio. ECF Dkt. #6-1 at 18. Presumably, Petitioner did not raise Ground for Relief Number Eight before the Supreme Court of Ohio because the Eighth District Court of Appeals sustained Petitioner's tenth and eleventh assignments of error raised in his appeal following the decision from the trial court (X. Defendant was denied due process of law when the court did not merge and separately sentenced defendant on all counts of the indictment; XI. Defendant was denied due process of law when he was sentenced for attempted murder rather than felonious assault and for felonious assault rather than attempted felonious assault). *Id.* at 99. If Petitioner's Ground for Relief Number Eight is referring to any convictions other than the convictions already addressed by the Eighth District Court of Appeals, he has failed to exhaust all possible state remedies because Petitioner did not raise the claim in his appeal to the Supreme Court of Ohio. *See Manning*, 912 F.2d at 881 (holding that in order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims).

Alternatively, Ground for Relief Number Eight is not cognizable in federal habeas corpus review. Petitioner argues that the felonious assault charges are subsumed in the attempted murder charges. ECF Dkt. #1 at 20. However, the Eighth District Court of Appeals already held that the felonious assault charges were subsumed in the attempted murder charges. ECF Dkt. #6-1 at 97-99. The record does not indicate that the jury convicted Petitioner on both the inducing panic charge and failure to comply charge based on the same conduct. The jury could

-25-

have easily convicted on the inducing panic charge based on the action of driving at a high rate of speed through a crowded area, and convicted on the failure to comply charge based on Petitioner's failure to halt when ordered by a police officer.  Accordingly, the inducing panic charge and the failure to comply charge are not necessarily allied offenses and are not required to be merged in the same way that the felonious assault charges were subsumed by the attempted murder charges.  The state court's decision was not based on an objectively unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  Further, the state court's decisions are entitled to deference under 28 U.S.C. § 2254(e).  Petitioner has failed to show that his due process rights were violated.

The undersigned recommends that the Court find that Petitioner has failed to exhaust all possible state remedies regarding Ground for Relief Number Eight, and, alternatively, Ground for Relief Number Eight is not cognizable in federal habeas review.

**B.**     **MERITS ANALYSIS**

**1.**     **Ground for Relief Number Two**

In Ground for Relief Number Two, Petitioner asserts that he was denied his Sixth Amendment right to present a defense when the trial court would not secure the appearance of Willie Wayne Moore, a defense witness.  ECF Dkt. #1 at 12.  Petitioner alleges that his defense counsel's request that the trial court issue an arrest warrant for a material witness was unfairly denied.  *Id.*

Under the AEDPA, a federal habeas court may grant a writ of habeas corpus if the state court arrives at a conclusion that is contrary to a decision reached by the United States Supreme Court on a question of law or in a case that has a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13.  Alternatively, the writ may be granted if the state court unreasonably applied established federal law.  *Id.*  When determining whether the state court's application of clearly established federal law was unreasonable, the federal court should ask

whether that application was objectively unreasonable. *Id.* Additionally, the Sixth Circuit held that to be overturned, a state court's application of Supreme Court of the United States precedent must be objectively unreasonable, and that findings of fact of the state courts are presumed to be correct. *Bailey*, 271 F.3d at 655-56. A reviewing federal court is obligated to accept the state court's interpretation of the state's statutes and rules of practice. *Hutchinson*, 744 F.2d at 46. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Eighth District Court of Appeals determined that Petitioner's trial was continued twice so that the defense could secure witnesses and the trial court gave "full and fair" consideration to defense counsel's request to issue an arrest warrant for Mr. Moore before denying the request. ECF Dkt. #6-1 at 77. At this time, Mr. Moore had not yet been served with a subpoena. *Id.* The trial court also promised the defense that if Mr. Moore was served with a subpoena and did not appear to testify, a bench warrant would be issued. *Id.* In affirming the trial court's refusal to issue an arrest warrant, the Eighth District Court of Appeals cited Supreme Court of Ohio case law upholding a lower court's decision not to compel the appearance of a defense witness because the defense could not assure the trial court that the witness had been served with a subpoena. *Id.*

In the present case, the state court's decisions are not contrary to or an unreasonable application of clearly established federal law. Criminal defendants have a right to a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984). However, the United States Supreme Court has held that "a defendant's right to present relevant evidence is not unlimited but rather subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *see Taylor v. Illinois*, 484 U.S. 400, 410 (1998); *Rock v. Arkansas*, 483 U.S. 44, 55 (1987); *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973); *Wong*, 142 F.3d 313. The right to present relevant testimony may bow to other legitimate interests in the criminal trial process. *Rock*, 483 U.S. at 55 (quoting *Chambers*, 410 U.S. at 295). The state court decisions are not objectively unreasonable in light of the evidentiary findings of the Eighth District Court

of Appeals.  Petitioner's trial was continued twice to grant time to secure witnesses and the trial court indicated that a bench warrant would be issued for Mr. Moore if Petitioner proved that Mr. Moore had been served with a subpoena.  There were ample opportunities for Petitioner to secure Mr. Moore as a witness.  Petitioner has not met the burden of rebutting the State's presumption of correctness by clear and convincing evidence.

The undersigned recommends that the Court find that Petitioner has not been denied his rights under the Sixth Amendment and dismiss Ground for Relief Number Two with prejudice.

### 2.    Ground for Relief Number Five

In Ground for Relief Number Five, Petitioner claims that he was denied due process of law when the trial court overruled his motions for judgment of acquittal.  ECF Dkt. #1 at 17. Petitioner argues that there was insufficient evidence to show that Petitioner was personally responsible for the injuries to the victims, that he encouraged, participated in, promoted, or planned the crimes, to justify a guilty verdict on inducing panic, and to support a guilty verdict on the failure to comply charges.  *Id.*

In a habeas corpus action challenging the sufficiency of the evidence supporting a criminal conviction, the petitioner is entitled to relief only if it is found that upon the record of evidence, no rational trier of fact could find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."  *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012).  First, on direct appeal, a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.  *Id*; (citing *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011)).  Second, on federal habeas review, a federal court may not reject a state court's decision on a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  *Id.* (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).  Federal courts must defer to the state appellate court's sufficiency determination, as long as the deficiency determination is not unreasonable.  28 U.S.C.

§ 2254(d)(2); *Brown v. Konteh*, 567 F.3d 191, 205 (6ᵗʰ Cir. 2009).  The evidence must be viewed in the light most favorable to the prosecution, requiring only that jurors "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *United States v. Strong*, 702 F.2d 97, 99-100 (6ᵗʰ Cir. 1983); *Fuller v. Anderson*, 662 F.2d 420, 423 (6ᵗʰ Cir. 1981), *cert. denied,* 455 U.S. 1028 (1982).

Petitioner's Ground for Relief Number Five is without merit.  When reviewing the evidence for sufficiency purposes, state court findings of fact, including summaries by the court, are entitled to a presumption of correctness.  28 U.S.C. § 2254(e); *Marshall v. Lonberger*, 459 U.S. 422, 435 (1983); *Sumner v. Mata*, 449 U.S. 539 (1981), *reaffirmed*, 455 U.S. 591 (1982).  The Eighth District Court of Appeals reviewed the facts of the case surrounding the convictions.  ECF Dkt. #6-1 at 82-85.  There was direct testimony from two Cleveland police officers who were eyewitnesses to the attempted murder and related crimes and provided testimony as to the details of those crimes.  Petitioner admitted that he drove the vehicle from which the gunshots originated on the date the two victims were shot.  Gunshot residue was found in Petitioner's car and on the hands of one of the codefendants who was in the car at the time of the shooting.  When reviewing the trial court's ruling pursuant to Crim. R. 29(A), *State v. Jenks*, 61 Ohio St.3d 259 (1991), and *State v. Robinson*, 162 Ohio St. 486 (1955), the Eighth District Court of Appeals found that Petitioner's insufficient evidence claim was without merit.  ECF Dkt. #6-1 at 82-85.  Federal courts are obligated to accept as valid a state court's interpretation under state law of the statutes and rules of practice in the state.  *Duffel v. Dutton*, 785 F.2d at 133.  The Eighth District Court of Appeals also found that there was sufficient credible evidence that Petitioner fled from the police at a high rate of speed, causing a substantial risk of harm to others.  Finally, the evidence demonstrated that Petitioner and his codefendants acted in complicity with one another in driving next to and firing into the victim's car, hitting two passengers.  There is ample evidence that could lead a rational trier of fact to find Petitioner guilty of all the above stated crimes.  Accordingly, the state appellate court's sufficiency determination was not unreasonable.

The undersigned recommends that the Court find that there was sufficient evidence to overrule all of Petitioner's motions for judgment of acquittal, and that Petitioner's Ground for Relief Number Five be dismissed with prejudice.

<u>**3.**</u>     <u>**Grounds for Relief Numbers Seven, Ten, Eleven, and Twelve**</u>

In Ground for Relief Number Seven and Ground for Relief Number Ten, Petitioner claims that he was denied due process and subjected to cruel and unusual punishment when the trial court imposed the maximum sentences for Petitioner's convictions, to be served consecutively. ECF Dkt. #1 at 19, 22. Petitioner argues that he committed one single act of shooting into an automobile, and that the trial court provided no valid reason to support consecutive sentencing. In Ground for Relief Number Eleven, Petitioner argues that he was denied due process of law when the trial court imposed a sentence that was disproportionate to the sentences of similarly situated offenders. ECF Dkt. #1 at 23. Petitioner argues that the trial court failed to distinguish a factually similar case in which the offender received a sentence of eleven years. *Id.* In Ground for Relief Number Twelve, Petitioner claims that he was denied due process of law when the court imposed the maximum sentence for failure to comply, without considering the proper statutory sentencing criteria. ECF Dkt. #1 at 24. Petitioner argues that the trial court simply reimposed the original maximum five-year sentence without any consideration of the statutory sentencing criteria. *Id.*

The command of the Eighth Amendment banning cruel and unusual punishments is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675 (1962). The Sixth Circuit has adopted the narrow proportionality principle prescribed by the Supreme Court in *Harmelin v. Michigan*, 501 U.S. 957 (1991). *United States v. Marks, et al.*, 209 F.3d 577, 583 (6th Cir. 2000). Only an extreme disparity between the crime and the sentence offends the Eighth Amendment. *Id.* The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001 (citing *Solem v. Helm*, 463 U.S. 277, 303 (1983)). "Intrajurisdictional and

interjurisdictional analyses are appropriate only in the rare cases in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1005. Reviewing courts should grant substantial deference to the discretion that trial courts possess in sentencing convicted criminals. *Solem*, 463 U.S. at 277, 289. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)). "Outside of the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Following resentencing per the order of the Supreme Court of Ohio, Petitioner was sentenced to ten years for the attempted murder of Kenneth Tolbert, ten years for the attempted murder of Chris Lovelady, eight years for the attempted murder of Kevin Tolbert, eight years for the attempted murder of Leonard Brown, five years for failure to comply, and six concurrent months for two counts of inducing panic. ECF Dkt. #6-1 at 256-57. The court ordered that the attempted murder and failure to comply charges run consecutive to each other, but concurrent to the two counts of inducing panic. *Id.* at 275. Total, Petitioner was sentenced to forty-one and one-half years in prison. *Id.*

Petitioner was not denied due process of law or subjected to cruel and unusual punishment. In relation to Ground for Relief Number Seven, Petitioner argues that he committed one single act - shooting into a moving automobile injuring two people. The two convictions for inducing panic are already running concurrent to the four attempted murder conviction. The failure to comply conviction is required to run consecutively under Ohio Revised Code § 2921.331(D). Essentially, by claiming that he should be sentenced for only one act - shooting into the moving vehicle and hitting two people - Petitioner is arguing that it is cruel and unusual punishment to sentence a defendant who fires a gun with the intent to harm four individuals to a longer prison term than a defendant who fires a gun with the intent to harm a single individual. Petitioner's position is untenable.

The Sixth Amendment does not inhibit state judges from concluding, based on the facts of the case, that it is necessary to impose consecutive, rather than concurrent, sentences for multiple offenses. *Oregon v. Ice,* 555 U.S. 160 (2009). The Ohio General Assembly recently amended R.C. § 2929.14(C)(4), requiring fact-finding for consecutive sentences. ECF Dkt. #6-1 at 260. However, this legislation became effective September 30, 2011 and therefore is not applicable to Petitioner, who was sentenced on July 12, 2011. *Id.* The trial court stated that it considered the principles and purposes of sentencing and imposed a sentence within statutory guidelines. ECF Dkt. #6-1 at 267. All of the sentences imposed on Petitioner are within statutory sentencing guidelines, and thus generally would not constitute cruel and unusual punishment. *Austin*, 213 F.3d at 302. There is no extreme disproportionality between the crimes and the sentences, and thus Petitioner's Ground for Relief Number Seven is without merit.

Additionally, Petitioner fails to identify how the court's decision to impose consecutive sentences violated his constitutional rights. The United States Supreme Court stated that reviewing courts should grant substantial deference to the discretion of the trial courts in imposing sentences. *Solem*, 463 U.S. at 227. The court sentenced Petitioner within the statutory sentencing guidelines and is not required to provide a constitutionally valid reason explaining the imposition of consecutive sentences. A federal court may only review a state prisoner's habeas petition on the grounds that the challenged confinement is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal habeas court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. *Howard v. White,* No. 03–1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); *Kipen v. Renico*, No. 02–1742, 2003 WL 21130033 (6th Cir. May 14, 2003); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that a federal court cannot review state's alleged failure to adhere to sentencing procedures). In *Ruhlman v. Brunsman*, the Sixth Circuit held, "Ohio trial courts have full discretion to impose

any sentence within the ranges of [the statute], including the statutory maximum, without making any specific findings of fact or explaining their decisions on the record." 664 F.3d 615, 618 (6th Cir. 2011). Accordingly, Petitioner's Ground for Relief Number Ten is without merit.

Petitioner also points to the failure of the trial court to distinguish a factually similar case where the offender received a sentence of eleven years. ECF Dkt. #6-1 at 23. Petitioner has failed to establish that a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. *See Harmelin*, 501 U.S. at 1001. Without establishing gross disproportionality, intrajurisdictional and interjurisdictional analyses are not required. *Id.* Petitioner's Ground for Relief Number Eleven is without merit.

The undersigned recommends that the Court find that Petitioner was not denied due process and was not subjected to cruel and unusual punishment, and Petitioner's Grounds for Relief Numbers Seven, Ten, Eleven, and Twelve be dismissed with prejudice.

### 4.     Ground for Relief Number Nine

In Ground for Relief Number Nine, Petitioner asserts that he was denied effective assistance of counsel because trial counsel failed to properly investigate the case and prepare witnesses for trial, object to improper jury instructions, and object to sentencing issues. ECF Dkt. #1 at 21.

Under the Sixth Amendment, criminal defendants are entitled to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the two-pronged test to determine whether counsel's performance was so deficient as to require reversal of a conviction. Under *Strickland*, the defendant must first show that counsel's performance was deficient, which requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* Prejudice requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Unless a defendant makes both a showing of deficient performance

and prejudice, it cannot be said that the conviction(s) resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* It is the burden of the defendant to prove prejudice. *Id.* at 693. To prove prejudice, it must be shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Judicial scrutiny of counsel's performance must be highly deferential and it is "strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. The defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. These principles do not establish mechanical rules, and the ultimate focus of the inquiry must be on the fundamental fairness of the proceedings. *Id.* at 696.

It is well established that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005) (quoting *Strickland*, 466 U.S. at 691). This duty encompasses the obligation to investigate all witnesses who may have information concerning the client's guilt or innocence, "although a particular decision to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

Petitioner argues that his counsel was ineffective because his defense counsel put a witness on the stand without talking to the witness. ECF Dkt. #6-1 at 101. The witness testified that he never spoke with Petitioner's counsel. *Id.* The Eighth District Court of Appeals found that this testimony was unreasonable due to the fact that Petitioner, through counsel, summoned the witness to court on the day the witness provided the testimony, and because of defense counsel's prior indication that the witness was one of several people who provided sworn statements suggesting that the shooter was someone other than Petition and his codefendants. *Id.* The facts do not establish that Petitioner's defense counsel performed deficiently in investigating or preparing witnesses for trial, especially in light of the presumption that counsel rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Petitioner's defense counsel did not perform deficiently when no objection was made to the aiding and abetting jury instruction. The Eighth District Court of Appeals determined that the aiding and abetting jury instruction was proper under R.C. § 2923.03 and *Johnson*, 93 Ohio St.3d 240. ECF Dkt. #6-1 at 81. Defense counsel was not performing deficiently by not objecting to the aiding and abetting jury instruction because the instruction was proper under Ohio law.

Petitioner fails to provide any basis for arguing how defense counsel was ineffective regarding failure to object to sentencing issues. Further, as discussed above in Section IV(B)(3), Petitioner's arguments as to his sentencing are without merit and an objection to the sentencing would not have provided Petitioner with any type of relief.

Even if Petitioner could establish that his defense counsel performed deficiently, Petitioner has failed to provide any indication of how this deficient performance prejudiced the defense. The record shows that defense counsel did have contact with the witness, the aiding and abetting jury instruction was proper under Ohio law, and sentencing was not imposed in a way that violated Petitioner's rights. The proceedings were fundamentally fair, which is the ultimate focus of the inquiry into the effectiveness of Petitioner's defense counsel.

Petitioner has failed to establish either prong set forth in *Strickland*. Accordingly, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel, and Petitioner's Ground for Relief Number Nine be dismissed with prejudice.

## VII.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition (ECF Dkt. #1) in its entirety with prejudice.


DATE:   April 22, 2015                                      _/s/ George J. Limbert_____
                                                            GEORGE J. LIMBERT
                                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).